E-filing

ADR

ORIGINAL FILED

MAY - 8 2007

RICHARD W. WIE
CLERK, U.S. DISTRIC
NORTHERN DISTRICT OF
SAN JOSE

1  IRELL & MANELLA LLP
   Samuel K. Lu (171969) (slu@irell.com)
2  Alexandrea H. Young (233950) (ayoung@irell.com)
   1800 Avenue of the Stars, Suite 900
3  Los Angeles, California 90067
   Telephone: (310) 277-1010
4  Facsimile: (310) 203-7199

5  Attorneys for Plaintiff
   Plantronics, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  PLANTRONICS, INC.,                    )  Case C07  02452 JCS
                                          )
13     a Delaware corporation,            )
                                          )  COMPLAINT FOR DAMAGES AND
14                    Plaintiff,          )  INJUNCTIVE RELIEF ARISING OUT
                                          )  OF:
15         v.                             )
                                          )  1.  Patent Infringement - 35 U.S.C. § 271;
16  AIRLINK MOBILE, INC.,                 )
                                          )  2.  Trade Dress Infringement - 15 U.S.C.
17     an Iowa corporation,               )      § 1125; and
                                          )
18                    Defendant.          )  3.  Unfair Competition - Cal. Bus. & Prof.
                                          )      Code § 17200
19  _____ )
                                          )  DEMAND FOR JURY TRIAL
20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1685527                                    COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff Plantronics, Inc. ("Plantronics"), for its complaint against Defendant Airlink

2  Mobile, Inc. ("Airlink"), dba "Airlink Accessories," alleges as follows:

3                              **Jurisdiction and Venue**

4       1.     Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has jurisdiction over the federal

5  claims alleged herein.  Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the state law

6  claim because it arises from a nucleus of operative facts common to the federal claims.

7       2.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of

8  California because at all times material to this action, a substantial part of the events or omissions

9  giving rise to the claims occurred in this District.

10                              **The Parties**

11      3.     Plantronics is a Delaware corporation with its principal place of business at 345

12 Encinal Street, Santa Cruz, California, 95060.

13      4.     Airlink, dba "Airlink Accessories," is an Iowa corporation with its principal place

14 of business at 1325 Stamy Road, Hiawatha, Iowa, 52233.  Airlink also operates a location at

15 15333 North Pima Road, Scottsdale, Arizona, 85260.

16                              **Intradistrict Assignment**

17      5.     Pursuant to Civil Local Rule 3-2(c) and the Court's Assignment Plan, because this

18 action is an Intellectual Property Action, it is properly assigned to any of the divisions in the

19 Court.

20                  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

21                   **Plantronics' Business and Patented Products**

22      6.     Plantronics introduced the first lightweight communications headset in 1962, and is

23 today a leading designer, manufacturer, and marketer of lightweight communications headset

24 products for telephones and cellular telephones, telephone headset systems, telephone accessories,

25 and related services for business and personal use.

26      7.     Plantronics has invested multiple millions of dollars developing a proprietary line

27 of mobile headset products, including its patented MX150 mobile headset.

28

8.     On September 30, 2003, United States Letters Patent No. Des. 480,072 (**Exhibit A**, hereinafter "the '072 patent") was duly and legally issued for an invention entitled "Microphone Boom for a Headset."

9.     Plantronics' MX150 mobile headset is an embodiment of the invention claimed in the '072 patent.

10.    Plantronics is the assignee and owner of all rights, title, and interest in the '072 patent.

11.    Plantronics' products, including the patented MX150 mobile headset, are unique and have no equal in the marketplace.

**Airlink's Business**

12.    Airlink's web site (www.airlinkmobile.com) represents that Airlink "is a leading provider of nationwide wireless products and services."

13.    Airlink's services include pay-as-you-go wireless telephone service with nationwide coverage, including this District.  On information and belief, Airlink's services are sold at over 5,000 retailers across the country.  On information and belief, Airlink's services are also sold online.

14.    Airlink's products include cellular telephone accessories such as headsets.  On information and belief, Airlink's products are sold at retailers across the country.

**Airlink's Copycat "Hands Free Headset"**

15.    Airlink sells a headset for use with cellular telephones.  This product is labeled by Airlink as "Hands Free Headset."

16.    The design and appearance of Airlink's "Hands Free Headset" is overtly copied from the Plantronics MX150 product.

/

/

/

/

/

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

17.     As the photograph below demonstrates, Airlink's "Hands Free Headset" (shown on the left) is virtually identical to the patented Plantronics MX150 product (shown on the right).



18.     Plantronics' MX150 mobile headset has been on the market since 2002, and is well known to the public and to Airlink.

19.     Unless Airlink's conduct is enjoined, Airlink's disregard of Plantronics' rights will result in irreparable harm to Plantronics.

**Count I - Design Patent Infringement of U.S. Patent No. Des. 480,072 – 35 U.S.C. § 271**

20.     Plantronics realleges and incorporates by reference the allegations contained in paragraphs 1 through 19.

21.     Airlink makes, uses, offers to sell, sells, and/or imports its "Hands Free Headset" product, or enables and/or induces others to commit such acts.

22.     Airlink is infringing the claims of the '072 patent by making, using, selling, offering for sale, and/or importing for sale its "Hands Free Headset" product, or by enabling and/or inducing others to commit such acts.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1685527

COMPLAINT AND DEMAND FOR JURY TRIAL

1    23.    Airlink will continue to commit such acts of infringement unless enjoined by this

2  Court.

3                **Count II – Trade Dress Infringement– 15 U.S.C. § 1125**

4    24.    Plantronics realleges and incorporates by reference the allegations contained in

5  paragraphs 1 through 19.

6    25.    The total image of the Plantronics MX150 product, including its size, shape, and

7  product design, constitutes protectable trade dress.

8    26.    The trade dress of the Plantronics MX150 product is non-functional.

9    27.    The trade dress of the Plantronics MX150 product is distinctive; it identifies

10  Plantronics as the single source of the product, thereby distinguishing it from other products.

11  Additionally, the trade dress has acquired secondary meaning as the consuming public has come to

12  associate the design of the product with Plantronics.

13    28.    Airlink's use of a trade dress similar to that of the Plantronics MX150 product in

14  Airlink's product is likely to cause confusion among consumers and others regarding the source,

15  origin, association, and/or sponsorship of the "Hands Free Headset" product, implying that Airlink

16  and/or Airlink's "Hands Free Headset" product has a commercial relationship, association, or

17  affiliation with Plantronics and/or Plantronics' MX150 mobile headset product.

18    29.    Airlink's actions constitute trade dress infringement in violation of the Lanham Act,

19  15 U.S.C. § 1125(a).  Plantronics has been and will continue to be injured as a result of Airlink's

20  conduct.  Plantronics has no adequate remedy at law for these injuries.  Unless Airlink is

21  restrained by this Court from continuing to infringe the trade dress of the Plantronics MX150

22  product, these injuries will continue to accrue.

23                **Count III - Unfair Competition - Cal. Bus. & Prof. Code § 17200**

24    30.    Plantronics realleges and incorporates by reference the allegations contained in

25  paragraphs 1 through 29.

26    31.    Airlink's deliberate copying and imitation of the Plantronics MX150 product is an

27  act of unfair competition, in violation of Section 17200 of the California Business and Professions

28

1    Code, defined therein to mean "any unlawful, unfair or fraudulent business act or practice and

2    unfair, deceptive, untrue or misleading advertising."

3         32.    Airlink has engaged in unfair competition by the acts complained of herein and has

4    caused Plantronics substantial injury.  Plantronics has no adequate remedy at law for these

5    injuries.  Unless Airlink is restrained by this Court from continuing its acts of unfair competition,

6    these injuries will continue to accrue.

7                                   **PRAYER FOR RELIEF**

8         WHEREFORE, Plantronics prays for judgment as follows:

9         A.    That this Court adjudge and decree that the '072 patent is valid and enforceable;

10        B.    That this Court adjudge and decree that Airlink has infringed the claims of the '072

11   patent;

12        C.    That this Court permanently enjoin Airlink, its owners, officers, agents, servants,

13   employees, attorneys, successors, and assigns, and all others in active concert or participation with

14   Airlink, from continued infringement of the '072 patent;

15        D.    That Plantronics be awarded Airlink's profits under 35 U.S.C. § 289;

16        E.    That Plantronics be awarded damages against Airlink for infringement of the '072

17   patent;

18        F.    That this Court adjudge and decree that Airlink has engaged in trade dress

19   infringement in violation of 15 U.S.C. § 1125(a);

20        G.    That this Court permanently enjoin Airlink, its owners, officers, agents, servants,

21   employees, attorneys, successors, and assigns, and all others in active concert or participation with

22   Airlink, from continued trade dress infringement in violation of 15 U.S.C. § 1125;

23        H.    That Plantronics be awarded damages against Airlink under 15 U.S.C. § 1117;

24        I.    That this Court adjudge and decree that Airlink has engaged in unfair competition

25   in violation of § 17200 of the California Business and Professions Code;

26        J.    That this Court permanently enjoin Airlink, its owners, officers, agents, servants,

27   employees, attorneys, successors, and assigns, and all others in active concert or participation with

28   Airlink, from continued unfair competition in violation of § 17200;

1       K.      An order disgorging from Airlink profits for violation of § 17200;

2       L.      An award for Plantronics' costs and attorneys' fees; and

3       M.     Any other relief this Court deems just and proper.

5   Dated: May 7, 2007.

6                          Respectfully submitted,

7                          IRELL & MANELLA LLP
                           Samuel K. Lu

8                          Alexandrea H. Young

10                      By: _Alexandrea H. Young_

11                          Alexandrea H. Young

12                        Attorney for Plaintiff Plantronics, Inc

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1685527

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff Plantronics, Inc.

3  respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

4

5  Dated:  May 7, 2007.

6                                         Respectfully submitted,

7                                         IRELL & MANELLA LLP
                                          Samuel K. Lu
8                                         Alexandrea H. Young

9

10         By: _Alexandrea H. Young_____

11                Alexandrea H. Young

12                                        Attorney for Plaintiff Plantronics, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**



US00D480072S

(12) **United States Design Patent**    (10) Patent No.:    **US D480,072 S**
Ham                                      (45) Date of Patent:    ✱✱    **Sep. 30, 2003**

(54) **MICROPHONE BOOM FOR A HEADSET**

(75) Inventor:    **Soohyun Ham**, Santa Cruz, CA (US)

(73) Assignee:    **Plantronics, Inc.**, Santa Cruz, CA (US)

(✱✱) Term:    **14 Years**

(21) Appl. No.: **29/173,871**

(22) Filed:    **Jan. 7, 2003**

(51) LOC (7) Cl. ..................................... **14-01**
(52) U.S. Cl. ................................................ **D14/223**
(58) Field of Search ................................. D14/188, 192,
    D14/205–206, 223; 181/129, 130; 379/430,
    433; 381/370, 376, 377, 378, 379, 380,
    381

(56)              **References Cited**

             **U.S. PATENT DOCUMENTS**

| | | | | |
|---|---|---|---|---|
| D233,444 S | ✱ | 10/1974 | Christian | D14/206 |
| 4,273,969 A | ✱ | 6/1981 | Foley et al. | 379/430 |
| D366,486 S | ✱ | 1/1996 | Runquist et al. | D14/206 |
| D392,290 S | ✱ | 3/1998 | Andrea | D14/223 |
| D403,327 S | ✱ | 12/1998 | Landreth et al. | D14/223 |
| 6,101,260 A | ✱ | 8/2000 | Jensen et al. | 381/381 |
| D439,890 S | ✱ | 4/2001 | Skulley et al. | D14/223 |

| | | | | |
|---|---|---|---|---|
| D455,417 S | ✱ | 4/2002 | Bey et al. | D14/223 |
| D455,732 S | ✱ | 4/2002 | Skulley et al. | D14/223 |
| D464,951 S | ✱ | 10/2002 | Skulley et al. | D14/223 |

✱ cited by examiner

*Primary Examiner*—Paula A. Mortimer
(74) *Attorney, Agent, or Firm*—Peter Hsieh

(57)              **CLAIM**

The ornamental design for a microphone boom for a headset, as shown and described.

              **DESCRIPTION**

FIG. 1 is a lower rear left perspective view of a microphone boom for a headset, the broken line drawing of an earloop of the headset in drawings herein is for illustrative purposes only and forms no part of the claimed design;
FIG. 2 is a lower front right perspective view;
FIG. 3 is a front elevational view;
FIG. 4 is a right side elevational view;
FIG. 5 is a rear elevational view;
FIG. 6 is a left side elevational view;
FIG. 7 is a top plan view; and,
FIG. 8 is a bottom plan view.

              **1 Claim, 4 Drawing Sheets**





*FIG._1*



*FIG._2*

**U.S. Patent**        Sep. 30, 2003        Sheet 2 of 4        US D480,072 S



*FIG._4*



*FIG._3*

**U.S. Patent**     Sep. 30, 2003     Sheet 3 of 4     US D480,072 S



*FIG._6*



*FIG._5*

**U.S. Patent**    Sep. 30, 2003    Sheet 4 of 4    US D480,072 S



*FIG._7*



*FIG._8*